**Angela STINSON, Plaintiff**

v.

**SIMPLEXGRINNELL LP, Defendant**

**No. Civ. 04–220–P–H.**

United States District Court,
D. Maine.

Feb. 17, 2005.

Guy D. Loranger, Nichols & Webb, P.A., Saco, ME, for Angela Stinson, Plaintiff.

Lynn A. Kappelman, Seyfarth Shaw, Boston, MA, Peter Bennett, Bennett Law Firm, P.A., Portland, ME, for Simplexgrinnell LP, Defendant.

## ORDER ON MOTION TO DISMISS

HORNBY, District Judge.

The defendant's motion to dismiss the First Amended Complaint for Retaliation ("First Amended Complaint") is GRANTED.

■ According to the plaintiff's legal memorandum, the basis for this single-count lawsuit under the Maine Human Rights Act is that her employer retaliated against her for complaining about a sexually hostile work environment. But the original complaint asserted only that the defendant terminated the plaintiff's employment for complaining about a hostile work environment. Nowhere did it assert that she had complained about a *sexually* hostile work environment. Nevertheless, I denied the defendant's first motion to dismiss and allowed the plaintiff to amend her complaint because the plaintiff said in her earlier legal memorandum that she could make such an allegation. I warned the plaintiff explicitly, however, that under the Maine Human Rights Act, retaliation for complaining about a hostile work environment was not alone actionable. *Stinson v. Simplexgrinnell LP,* No. Civ. 04–220–P–H, 2004 WL 2898072, at *1 (D.Me. Dec. 14, 2004). Instead, she would have to allege (if she could consistently with Federal Rule of Civil Procedure 11) that her employer retaliated against her because she had complained about a *sexually* hostile environment.

The plaintiff has now filed an amended complaint, but she still has not made this straightforward allegation. Instead, the plaintiff has stated:

Because of [her supervisor's] abuse and creation of a hostile environment, in No-

vember of 2003, Plaintiff called Defendant's employee Concern Line to complain about [him]. During the phone call, Plaintiff specifically complained [her supervisor] had created a hostile work environment. Plaintiff [sic] complaint to Defendant of the hostile work environment was made in good faith belief that he had created a hostile environment based on her sex and she communicated her complaint to Defendant in good faith.

First Am. Compl. ¶ 15 (Docket Item 13). Thus, the plaintiff has asserted that she communicated a complaint about the work environment and that she had a good faith belief that the environment was sexually hostile, but she has not made the simple assertion that she told her employer that she was complaining about a sexually hostile environment. The same omission appears at another portion of the First Amended Complaint:

In November of 2003, Plaintiff complained in good faith to Defendant that her supervisor ... was subjecting her to a hostile work environment. Plaintiff communicated the complaint to Defendant in good faith and truly believed that she had been the victim of a hostile environment.

*Id.* ¶ 32.

■ If this were the first motion to dismiss, I might be inclined to permit the plaintiff to amend her complaint (as I did before), treating the allegations generously as ambiguous on what she actually told her employer. But in my earlier ruling, where I made clear what was required of the plaintiff, I also specifically referred to the strictures of Federal Rule of Civil Procedure 11. I therefore treat the careful phrasing of the First Amended Complaint as intentional. It does not allege that the plaintiff complained to her employer that the work environment was sexually hostile.

Without notice to her employer that that was her complaint, she cannot successfully make a claim for retaliation. *See King v. Town of Hanover*, 116 F.3d 965, 968 (1st Cir.1997) (to make a *prima facie* showing of retaliation under Title VII, the plaintiff must first "show ... that he engaged in an activity protected under Title VII or engaged in protected opposition to an activity, *which participation or opposition was known by the employer*") (emphasis added); *see also Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir.1998) (holding that a plaintiff failed to establish a retaliation claim because her complaints to her employer "did not state that [the plaintiff] viewed [her supervisor's] actions as based on her gender, and there was nothing in her protests that could reasonably have led [the defendant] to understand that [gender discrimination] was the nature of her objections").

In her legal memorandum, the plaintiff refers to other materials that she says support her claim that she did complain about a sexually hostile environment. Assuming that I should consider them on this motion to dismiss,[1] they are insufficient. One is an employer summary of the complaining phone call that, among other complaints the plaintiff made about her supervisor, states:

> She's made [her supervisor] aware of several issues in the location. [She] typed [him] a professional and detailed letter regarding a customer and a proposition he received from a worker in an inappropriate and sexual manner. The result was that the customer was not signing a contract and didn't want to deal with that individual again.

Aff. of Guy D. Loranger in Support of Pl.'s Opp'n to SimplexGrinnell, LP's Mot. to

Dismiss Pl.'s Am. Compl., Ex. 1 (Docket Item 23). The plaintiff's complaint that a co-worker had acted in a sexually inappropriate manner toward a customer that resulted in a loss of business certainly alleges unethical and immoral behavior. But it does not communicate to the employer the plaintiff's belief that her work environment was sexually hostile.

Another item is her lawyer's December 11, 2003 letter to the employer at a time before it terminated the plaintiff and during the employer's investigation of her complaint to the employer's Concern Line. *Id.* Ex. 2. The lawyer's letter refers to complaints of harassment and a hostile environment, but nowhere does it refer to *sexual* harassment or a *sexually* hostile environment.

■ I conclude that despite ample opportunity to do so, the plaintiff has failed to allege that she complained to her employer that the work environment was sexually hostile, such that her termination could be viewed as retaliation for protected activity.

The defendant's motion to dismiss is GRANTED.

So ORDERED.

---

**1.** I do not consider the statements of the plaintiff's lawyer in his legal memorandum as to what his client will testify.